**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

**DENNIS J. RYDBOM,**

      **Petitioner,**

**v.**           **CIVIL ACTION NO.  6:07-cv-00711**

**DAVID BALLARD,**

      **Respondent.**

**ORDER**

Pending before the court is Petitioner Dennis Rydbom's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Docket 2].  This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition pursuant to 20 U.S.C. § 636(b)(1)(B).  On December 12, 2008, the Magistrate Judge submitted proposed findings of fact and recommended that I deny the petitioner's request to waive the exhaustion requirement[1] and grant the Respondent's Motion to Dismiss for Failure to Exhaust State Remedies [Docket 12], in whole or in part, subject to the petitioner's response during the objection period.  As discussed herein, I **ADOPT** the Magistrate Judge's findings.  I **DENY** the petitioner's request for a waiver of the exhaustion requirement and **DISMISS** the following grounds, as stated in the Petition, for failure to exhaust state remedies:  Grounds 2, 4, 5, 6, and 7 in whole, and Ground 3 as to the ineffective assistance of counsel claim only.  I **DIRECT**

---

[1]   The petitioner requested a waiver of the exhaustion requirement in his Response to Respondent's Motion to Dismiss [Docket 14].

the petitioner to notify this court within **10 business days** of this Order whether he wishes to proceed with his Petition on Ground 1 and the exhausted claims in Ground 3.

## I.  Factual and Procedural Background

On November 11, 2007, the petitioner, Dennis Rydbom, filed a Petition for Writ of Habeas Corpus with this court.  In his Petition, the petitioner raised seven grounds for relief :  (1) speedy trial violations; (2) representation issues; (3) search and seizure issues; (4) two-state tag team issues; (5) hearsay issues; (6) trial by media issues; and (7) partisan judge issues.  The petitioner also alleged that the habeas corpus process at the state level has been ineffective and has caused inordinate delays.  (Petition at iv.)  The Magistrate Judge found that the petitioner has exhausted state court remedies for Ground 1 and Ground 3, except for the ineffective assistance of counsel issue, and that he has not exhausted his state court remedies for all other grounds listed in his Petition.  The Magistrate Judge did not address the merits of the petitioner's arguments, but rather sought guidance from the petitioner on how to proceed in light of her findings.  (PF&R at 14 [Docket 22].)  Furthermore, the Magistrate Judge found that the state had not caused inordinate delay sufficient to waive the exhaustion requirement.  (*Id.* at 19.)  After the Magistrate Judge submitted the Proposed Findings and Recommendation ("PF&R"), the petitioner filed his Objections [Docket 23].

## II.  Discussion

The petitioner's objections can be grouped into three categories.  The petitioner's first set of objections relate to state court proceedings. (Objections ¶¶ 1-11, 22.)  The second set address the issue of judicial bias.  (*Id.* ¶¶ 14-20.)  The petitioner's third objection involves the Magistrate Judge's finding that there had been no inordinate delay caused by the State sufficient to justify

waiver of the exhaustion requirement.  (*Id.* ¶¶ 12-13, 23.)  I must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

### A.   Objections Regarding State Court Proceedings and Judicial Bias

A large portion of the petitioner's objections focus on prior and current state court proceedings and on the allegedly biased behavior of the state court judge.  (Objections ¶¶ 1-11, 14-20, 22.)  The petitioner's discussion of these issues, however, is not an objection to the Magistrate Judge's findings but rather a reiteration of arguments made in his Petition.  The Magistrate Judge found that the petitioner had not exhausted his state remedies for those grounds of relief and did not reach the merits of the petitioner's arguments.  Therefore, the petitioner's objections discussing the state proceedings and the state court judge are misplaced, and I **FIND** they are without merit.

### B.   Objection Regarding the Waiver of the Exhaustion Requirement

The petitioner requested in his Response and asked again in his Objections that this court waive the requirement that he exhaust state remedies before receiving federal relief.  Generally, an application for a writ of habeas corpus shall not be granted by a federal court unless the petitioner "has exhausted remedies available in the courts of the State" or the State has waived the exhaustion requirement.  22 U.S.C. § 2254(b)(1)(A), (b)(3).  "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. . . . The burden of proving that a claim has been exhausted lies with the petitioner."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  However, if  "[s]tate remedies [are] rendered ineffective by inordinate delay or inaction in state proceeding," then the petitioner need not present his claim in state court.  *Straws v. Padula,*

No. 4:08-3329, 2009 WL 112519, at *3 (D.S.C. 2009) (citing *Ward v. Freeman*, 46 F.3d 1129 (4th Cir. 1995)) .

The petitioner claims that there have been inordinate delays in resolving his third habeas corpus petition in the Circuit Court of Wood County, West Virginia. (PF&R at 15.)  After reviewing the filings of both the petitioner and the respondent to determine whether the State has caused inordinate delay, the Magistrate Judge recommended that I find that the petitioner has not demonstrated inordinate delay caused by the State sufficient to justify a waiver of the exhaustion requirement.  (PF&R at 19.)  I have reviewed the filings *de novo*,  and I **FIND** that the petitioner has not demonstrated inordinate delay in state proceedings.  Because he is acting *pro se*, the petitioner is responsible for the course of the habeas proceedings in state court.  The petitioner  may request an omnibus hearing before the Circuit Court of Wood County or file a writ of mandamus with the Supreme Court of Appeals of West Virginia to speed the state court action.  Accordingly, I **ADOPT** the Magistrate Judge's findings and **DENY** the petitioner's request for a waiver of the exhaustion requirement.

### C.  The Petitioner's Options Under 28 U.S.C. § 2254

I **ADOPT** the Magistrate Judge's findings that the petitioner has exhausted Ground 1 and all claims in Ground 3, except the ineffective assistance of counsel claim, but that the petitioner has not exhausted Grounds 2, 4, 5, 6, and 7 in state proceedings.  The petitioner may elect to proceed with his § 2254 petition on the two grounds on which he has exhausted state remedies.  However, 28 U.S.C. § 2244(a) provides that a prisoner may file only one § 2254 petition without obtaining authorization to file a successive petition.  If the petitioner chooses to continue with this Petition on the claims exhausted in state court, he risks losing the right to bring any of his currently unexhausted

-4-

claims before this court in the future.  The petitioner may instead request dismissal of this § 2254 petition without prejudice.  If he chooses this option, he may file another § 2254 petition when he has fully exhausted state remedies on his other claims.  The Magistrate Judge requested that the petitioner provide this court with written notice of his decision during the objection period.  The petitioner did not respond to the Magistrate Judge's request.  Therefore, I **DIRECT** the petitioner to provide this court with written notice of his decision within **10 business days** of this Order as to whether he will proceed on the grounds for which he has exhausted state court remedies or will dismiss the Petition without prejudice.  **Failure to respond within the allotted time will result in dismissal without prejudice.**

## III.  Conclusion

Having conducted *de novo* review of the portions of the PF&R to which the petitioner objected, I **FIND** that the objections lack merit.  Accordingly, I **ADOPT** the Magistrate Judge's proposed findings.  I **DENY** the petitioner's request to waive the exhaustion requirement [Docket 14].  I **GRANT** the respondent's Motion to Dismiss [Docket 12] for Grounds 2, 4, 5, 6, and 7, and the ineffective assistance of counsel claim of Ground 3.  I **DIRECT** the petitioner to notify this court in writing within **10 business days** of the Order whether the petitioner will proceed on the exhausted grounds or will dismiss them without prejudice.  **Failure to respond within the allotted time will result in dismissal without prejudice.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 6, 2009

Joseph R. Goodwin, Chief Judge